**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1858
_____

JOHN E. REARDON,
                                        Appellant

v.

GOVERNOR PHIL MURPHY; ATTORNEY GENERAL GURBIR S. GREWAL;
B. SUE FULTON; JUDGE JOHN MCFEELEY; JUDGE ROBERT ZANE;
JUDGE GEORGE SINGLEY; JUDGE JOHN MORRELLI; KRISDEN MCCRINK;
JUDGE RYAN TRABOSH; PROSECUTOR ANDREW VIOLA; PROSECUTOR
ROBERT GLEANER; PROSECUTOR STEVEN PETERSON; PROSECUTOR
DANIEL LONG; PROSECUTOR MICHAEL JOYCE; PROSECUTOR MATHEW
GINDELLE; SENATOR DAWN MARIE ADDIEGO; SENATOR JAMES BEACH;
SENATOR FRED MADDEN; ASSEMBLYWOMAN MARIA GREGG; ASSEMBLYMAN
JOE HOWARTH; PROSECUTOR LAWRENCE LUONGO; JUDGE ZONIES;
PROSECUTOR RICHARD DEMICHELE; PAUL DOUGHERTY, Prosecutor

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1:18-cv-11372)
District Judge:  Honorable Robert B. Kugler

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 18, 2022

Before: GREENAWAY, JR., PORTER and NYGAARD, Circuit Judges

(Opinion filed: August 30, 2022)

_____

OPINION[*]

_____

PER CURIAM

John E. Reardon, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey denying his request for leave to file a motion for recusal and dismissing the recusal motion itself. For the following reasons, we will affirm.

Reardon moved for reconsideration following the District Court's dismissal of an action in which he sought to have various traffic laws and regulations deemed unconstitutional. He also filed a motion seeking the recusal of Judge Kugler. The District Court denied the requests for reconsideration and recusal, and imposed a filing injunction because of Reardon's "vexatious and abusive history of filing "frivolous motions, meritless complaints, and procedurally deficient actions" for more than three decades, see Reardon v. Murphy, Civil No. 18-11372, 2019 WL 4727940, at *4 (D.N.J. Oct. 21, 2019) …." (ECF 130.) The order prohibited Reardon "from filing any future motions in this or any other case without leave of the Court …." (Id.) Reardon did not appeal.

But he continued to file letters and motions in the District Court. Among those submissions was a letter seeking leave to file another motion for recusal (ECF 166), as well as a new recusal motion itself. (ECF 168.) The District Court denied the request for

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

leave to file and dismissed the motion for recusal. (ECF 173.) It concluded that Reardon "has continually flouted this Court's [filing injunction] by filing a motion without leave of the Court and by filing multiple letters that are largely frivolous and incomprehensible[.]" (Id. at 2.) The District Court also determined that Reardon's "general and conclusory allegations of bias[,] [which] … appear to be largely predicated on this Court's adverse judicial rulings[,] … do not present a valid basis for recusal under 28 U.S.C. § 144 or 455[.]" (Id.) Reardon timely appealed.[1] (ECF 174.)

We have jurisdiction pursuant to 28 U.S.C. § 1291, and may affirm on any basis supported by the record. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Setting aside the propriety of the District Court's denial of Reardon's motion for leave to file the recusal motion, we nevertheless conclude that the District Court did not abuse its discretion in determining that Reardon's recusal motion lacked merit. Under 28 U.S.C. § 144, a judge must recuse if a party files a "sufficient affidavit" establishing that the judge has a personal bias or prejudice against the party seeking recusal, or in favor of the adverse party. 28 U.S.C. § 144; see also Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990). A judge must also recuse where the judge's impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). A party seeking recusal need not demonstrate that the judge is actually biased, but rather that he would appear to be biased

---

[1] Reardon's opening brief mainly addresses the District Court's dismissal of his complaint and its imposition of the filing injunction. Those orders were entered on September 27, 2019, and May 1, 2020, respectively. Reardon's notice of appeal, filed on May 3, 2022, is thus untimely as to those orders and we lack jurisdiction to review them.

to "a reasonable person, with knowledge of all the facts." United States v. Wecht, 484 F.3d 194, 213 (3d Cir. 2007) (quoting In re Kensington Int'l Ltd., 353 F.3d 211, 220 (3d Cir. 2003)).

In the recusal motion, Reardon generally alleged that Judge Kugler "ignor[ed] all the law cited by the plaintiff that is in his favor and … repeatedly rul[ed] in favor of the defendants when they are not entitled to the relief that they sought." (ECF 168, at 9.) He also listed numerous examples of rulings that were allegedly made as the result of Judge Kugler's bias. (Id. at 9-14.) But adverse rulings, without more, do not establish that Judge Kugler had a personal bias or prejudice against Reardon, nor do they provide a basis upon which to reasonably question Judge Kugler's impartiality. See Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000); Liteky v. United States, 510 U.S. 540, 555 (1994) (adverse rulings alone generally do not constitute a sufficient basis for holding that a judge's impartiality is in doubt). Accordingly, we conclude that the District Court did not abuse its discretion in rejecting Reardon's recusal motion.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

See Fed. R. App. P. 4(a)(1)(B); Bowles v. Russell, 551 U.S. 205, 207-09 (2007).

4